JAMES A. DYER, *Plaintiff in Error*, vs. LOVINUS MONTIETH, *Defendant in Error.*

A writ of *certiorari* made returnable on a day other than as prescribed by C. C. Rule 13, may be amended by the clerk, or under his direction, at any time before service; and if not so amended such amendment may be made by the Court, after motion to quash the writ for irregularity.

*Allegan Circuit, March,* 1870.

Motion to quash a writ of *certiorari.*

The writ in this case was issued on the 28th day of February, 1870, returnable on the 5th day of March following. After the writ was issued, the attorney for the plaintiff in error, J. V. Rogers, so changed the writ as to make it returnable March 1st. In support of the motion, the affidavit of the justice was submitted, setting forth that the change referred to was made *after* the service of the writ upon him. The counter

affidavit of Rogers sets forth that at the time of issuing the writ, the clerk said to him that he was not certain that the return day mentioned in the writ was in accordance with the rule, requesting him (Rogers) to investigate, and to make any correction, in this respect, which might be required. In this Rogers was corroborated by the affidavit of the clerk. Rogers further swears that the change was made while the writ was in his possession and before it was served upon the justice.

*Stafford & Padyam* and *F. J. Littlejohn* for the motion.

*J. L. Hawes, contra.*

*By the Court,* BROWN, J.—By Circuit Court Rule 13, " all original writs (except *capias*) may be issued in vacation or term time, and made returnable on the first Tuesday of any month, and, also, on any day in term." The fifth of March was not a " day in term." The first of March was the first Tuesday in that month. § 4421, *C. L.,* provides that ' no process, pleading or record, shall be amended or impaired by the clerk or other officer of any Court, or by any other person, without the order of such Court, or some other Court of competent jurisdiction.'

The process of the Court becomes operative, as to the person to whom it is addressed, from the time of its service, and I think an amendment like the one complained of, made by the clerk or by a person acting under his instruction at any time *before service* is not in violation of this statute, and would not, of itself, invalidate the writ ; but on the contrary, by making it conform to the rule, if the writ was not absolutely void, vitalized and perfected what was before irregular. Without the order of the Court, no valid amendment could be made after service, and any such amendment would be a mere nullity, and the justice would not be bound to regard it. In this case, whatever may be the facts in relation to the amendment, the justice has made his return. If the facts are as claimed by the plaintiff in error, I think there is no such irregularity as will warrant the granting of this motion. If the facts are as claimed by the defendant in error, is the writ void ? If not void, but irregular, merely, ought the writ to be quashed, or should the Court direct the same to be amended. Formerly, judges were

very reluctant to grant amendments of any kind, but the strictness of this rule has been of late years much relaxed. While strict practice should be insisted on, mere mistakes should not be permitted to defeat justice, where it is within the power of the Court to correct such mistake ; and it is believed that amendments should be allowed when they tend to the furtherance of justice. Of course, if a writ or other process is void there is nothing to amend ; and a process or writ is said to be void when there was not any authority for issuing it. Irregular process is that which has been illegally issued, or not issued in accordance with the rules of law. Assuming the facts in this case to be as claimed by the defendant in error, the writ was irregular. Being irregular and not void it may and should be amended. The interlineation and change made by the attorney, if before service, was, under the circumstances, proper ; if after, as may be assumed for the purposes of this motion, his act was a mere nullity. The motion must be denied with costs, and the amendment may be considered as now made, and as the act of the Court.

For authorities bearing upon this question, see 1 *Cowen*, 38, 41 ; 1 *Caines*, 486 ; 2 *Johns.*, 309 ; 2 *Wend.*, 258 ; 9 *Johns.*, 386, and cases cited.